# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL JOHNSON | CIVIL ACTION NO. 5:12-cv-1016 |
|     LA. DOC #118967 | |
| VS. | SECTION P |
| | JUDGE ELIZABETH E. FOOTE |
| JERRY GOODWIN, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Pro se plaintiff Michael Johnson, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 26, 2012. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is confined to administrative segregation or lock down at the David Wade Corrections Center (DWCC) and he complains that the defendants – Warden Jerry Goodwin, Col. Lonnie Nail, and Classification Officer Jesse Jimerson – have violated prison rules by failing to provide him with a hearing before the Personal Review Board. Plaintiff prayed for $5 million in damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

Plaintiff is an LDOC inmate confined to DWCC. On some unspecified date he was confined in administrative segregation or "extended lockdown cellblock" for unstated reasons. On April 12, 2012, plaintiff submitted an Administrative Remedy Procedure grievance to

Warden Goodwin. Therein he complained that the DWCC Classification Review Board failed to personally interview plaintiff as required by prison policy.   Instead, on April 12, 2012, plaintiff received a notice by mail from defendants Jimerson and Nail which advised plaintiff that the Classification Review Board determined that plaintiff was not eligible for release from lockdown due to the "serious nature of past offense."  Plaintiff concluded his grievance with a formal request for administrative intervention and the equal enforcement of LDOC rules, regulations, and posted policies including "a personal interview to determine eligibility and suitability for working cellblock status at least once every 90 days..." He also requested $5,000,000 in damages. Plaintiff's grievance was assigned Case Number DWCC - 2012 -0535 and was rejected on April 23, 2012, because the volume of material submitted was considered lengthy. Plaintiff was instructed to summarize and resubmit his grievance on one page. [Doc. 1-2]

Instead, on April 26, 2012, he filed the instant complaint.

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with

2

the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. . *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has set forth his claim for relief and the facts supporting his claim. Further

3

amendment would serve no useful purpose.

**2. Section 1983; Equal Protection, and Due Process**

Plaintiff faults the defendants for failing to abide by an LDOC regulation which mandates personal interviews to determine whether inmates may be transferred to a less restrictive environment within the prison.  He seeks redress for this alleged violation pursuant to Section 1983.  Congress enacted 42 U.S.C. § 1983 as "a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 305-06, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986).  The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall  be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

Thus, to state a cause of action under 42 U.S.C. § 1983, the plaintiff must plead various elements including, the deprivation of a clear right, privilege or immunity secured to the plaintiff by the Constitution of the United States of America. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) ("inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a 'right secured by the Constitution and the laws'"). In addition, a plaintiff needs to establish that the act or omission by the defendant was intentional or at least deliberately indifferent to the Constitutional or Federal law rights of the plaintiff. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir.1990); *Doe v. Taylor Independent School District*, 975 F.2d 137, 142 (5th Cir.1992)

(deprivation can result from tortious conduct exceeding mere negligence but not quite rising to the level of intentional, e.g., deliberate (or conscious) indifference, recklessness or gross negligence), *reh'g granted* and opinion vacated by *Doe v. Taylor Independent School District*, 987 F.2d 231 (5th Cir.1993), on rehearing, *Doe v. Taylor Independent School District*, 15 F.3d 443, 450 (5th Cir.1994). Finally, the plaintiff must show that he suffered actual injury. *Memphis Community School District v. Stachura*, 477 U.S. 299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986) (where there is no injury present, no compensatory damages can be awarded).

Plaintiff has alleged the violation of a state prison regulation and not a violation of the Constitution or laws of the United States. Further, even if plaintiff were to allege a constitutional violation, he failed to demonstrate any actual injury arising by virtue of the defendants' alleged violation. In other words, he has failed to state a claim for which relief may be granted.

Plaintiff also implies that he is being denied equal protection with respect to the failure of the defendants to comply with prison regulations regarding his placement in lockdown. To succeed on an equal protection claim, the plaintiff must allege that he was intentionally treated differently from "similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir.2001). "Discriminatory purpose ... implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir.1988) (internal quotation marks omitted). Put another way, in order to state a claim for violation of equal protection of the laws, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. *Lee v. City of Los Angeles*, 250

F.3d 668, 686 (9th Cir.2001). "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir.2003).  Plaintiff has not alleged or demonstrated that he is the victim of discrimination by virtue of his membership in a constitutionally protected class.  Further, in his grievance  he noted that the alleged violation applied to all of the individual prisoners confined in extended lockdown at DWCC.  Clearly, he does not state a claim under the equal protection clause of the Fourteenth Amendment.

Read liberally, he also implies that his right to due process has been violated by the defendants.  He suggests that he has a "liberty interest" in his prisoner classification and that this interest has been deprived without du process.

By virtue of his criminal conviction and subsequent legal confinement, plaintiff has forfeited his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). In order to invoke procedural due process protections, he must first establish that he has been subjected to "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Confinement in "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." ' *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights); *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest). The Fifth Circuit has also rejected a state prisoner's claim that

6

the additional restrictions imposed on those in administrative segregation violated his due process rights. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam). In other words, "'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest." ' *Id.* at 580 (quotation omitted).

Put yet another way, when a prisoner, such as plaintiff, is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Accordingly, " ... mere[ ] changes in the conditions of [ ] confinement do not implicate due process concerns." See *Madison*, 104 F.3d at 768; see also *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications."). Plaintiff is an LDOC inmate and therefore his classification and placement is solely within the purview of the LDOC.

Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold  that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334

U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

In short, to the extent that plaintiff maintains that the defendants have violated his right to due process, he also fails to state a claim for which relief may be granted.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 25, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE